This appeal brings up a judgment in favor of defendant entered on the direction of the court at the close of the entire case. At that point the evidence disclosed that the plaintiff, Catherine T. McGovern, was walking north on the east side of Illinois Avenue in Atlantic City. When she was opposite the Park Lane Apartments, she stepped from the curb, intending to cross to the west side of Illinois Avenue. There was a parked car about eight feet to her left, another car parked about twelve feet to her right, both headed north. It was a dark night and when she was three or three and a half feet from the curb she stopped, looked to her left and saw a truck coming from the south about two hundred feet distant. She then drew closer the dog which she had on a leash, made an observation to the north, heard brakes, glanced to her left, saw a truck coming at a moderate speed in "the line of traffic" and was struck. The truck was proceeding "in a straight line." A witness, Loretta McCullough, hearing a commotion looked from the balcony of her apartment and "saw a taxicab and the truck in the middle of the street, in the traffic lane in the street, and the taxicab was backing up towards Fischer's truck." She heard Mrs. McGovern say "the truck hit me." Another witness testified that she saw a truck "in front of the parking *Page 303 
place in front of the Park Lane Apartments * * * facing toward Pacific Avenue." The driver of the defendant's truck testified that he "was in the middle of the street coming down slow, and just before I hit the Park Lane Apartments a fellow stepped out and threw up his hands and asked me to stop. When I stopped he said, `Give me a hand with the lady under this car.'" When he came to a stop he was "directly in the middle of the street." There was additional testimony, none of which threw any light upon the happening of the accident, and we therefore omit a summary thereof.
Viewing the evidence in its most favorable light to plaintiff and giving her the benefit of all reasonable inferences that may be drawn therefrom, we find no evidence that would justify submission of the case to the jury. The evidence places the plaintiff three and a half feet out in the street, closer to the curb than the outside of the parked cars; it places the truck in the middle of the street proceeding in a straight line. Under the evidence presented, a finding of negligence upon the part of the driver of the defendant's truck would be based upon sheer speculation.
The judgment is affirmed.